**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03326-REB-CBS

DR. JAMES DOBSON, and
FAMILY TALK,

      Plaintiffs,

v.

KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States
Department of Health and Human Services,
THOMAS E. PEREZ, in his official capacity as Secretary of the United States
Department of Labor,
JACOB J. LEW, in his official capacity as Secretary of the United States Department of
the Treasury,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
UNITED STATES DEPARTMENT OF LABOR, and
UNITED STATES DEPARTMENT OF THE TREASURY,

      Defendants.

## ORDER OF ADMINISTRATIVE CLOSURE

**Blackburn, J.**

      This matter is before me *sua sponte*. On June 11, 2014, defendants filed an appeal of this court's **Order Granting Motion for Preliminary Injunction** ([#37],[1] filed April 17, 2014). (*See* Order, Doc.: 01019274124, ***Dobson v. Burwell***, No. 14-1233 (10th Cir. July 7, 2014).) On September 13, 2016, the United States Court of Appeals for the Tenth Circuit granted the federal parties' motion to issue an order materially identical to the one issued in ***Zubik v. Burwell***, – U.S. –, 136 S.Ct. 1557, 194 L.Ed.2d 696 (2016).[2]

---

[1] "[#37]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Specifically, the Tenth Circuit's order provides as follows:

    Nothing in this court's prior opinions or orders, or in the opinions or orders of the district
    courts, is to affect the ability of the Government to ensure that women covered by the

Nevertheless, the appeal continues to be abated until at least October 25, 2016, when the parties are charged to file additional status reports.

There is no indication how long the appeal may continue to be abated. Meanwhile, the case grows ever more stale on this court's docket. Accordingly, the court finds and concludes the interests of justice and judicial economy and efficiency are best served by closing this action administratively.

**THEREFORE, IT IS ORDERED** as follows:

1. That under D.C.COLO.LCivR 41.2, this action is closed administratively;

2. That under D.C.COLO.LCivR 41.2, the clerk is directed to close this civil action administratively, subject to reopening for good cause; and

3. That good cause to reopen this case includes, but is not limited to, resolution of the appeal currently pending before the Tenth Circuit.

Dated September 27, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

plaintiffs/appellees' health plans "obtain, without cost, the full range of FDA approved contraceptives." ***Wheaton College v. Burwell***, 134 S.Ct. 2806, 2807 (2014). Through this litigation, the plaintiffs have made the government aware of their view that they meet "the requirements for exemption from the contraceptive coverage requirement on religious grounds." ***Id.*** Nothing in this court's prior opinions or orders, or in the opinions or orders of the district courts, "precludes the Government from relying on this notice, to the extent it considers it necessary, to facilitate the provision of full contraceptive coverage under the Act." ***Ibid***. Because the government may rely on this notice, the Government may not impose taxes or penalties on the plaintiffs for failure to provide the relevant notice.

(**Order**, Doc.: 01019686973, ***Dobson v. Burwell***, No. 14-1233 (10th Cir. September 30, 2016).)