**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03326-REB-CBS

DR. JAMES C. DOBSON, and
FAMILY TALK,

    Plaintiffs,

v.

ALEX AZAR, in his official capacity as Secretary of the United States Department of Health and Human Services;
ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor;
STEVEN MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR; and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants[1].

## ORDER GRANTING MOTION FOR PERMANENT INJUNCTION

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion To Reopen Proceedings and for Permanent Injunction and Declaratory Relief** [#55][2] filed June 19, 2018.  The defendants filed a response [#58], and the plaintiffs filed a reply [#59].  Previously, I granted the motion to reopen this case.  Addressing the motion for an injunction and declaratory relief, I grant the motion in part and deny it in part.

---

[1]  Under Fed. R. Civ. P. 25(d), Alex Azar, Alexander Acosta, and Steven Mnuchin automatically are substituted as defendants to replace their predecessors, who have ceased to hold the relevant public offices.

[2]  "[#55]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II. BACKGROUND

The plaintiffs, Dr. James C. Dobson and Family Talk, challenge certain requirements imposed on group health plans by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010) (Affordable Care Act or ACA). Specifically, the plaintiffs challenge the requirement that the group health plan for employees of Family Talk or, in the alternative, another health plan provider, provide coverage for drugs, devices, procedures, or related education and counseling that may destroy human life after fertilization of the egg of a mother either before or after the implantation of a fertilized egg in the uterus of its mother. I refer to this coverage requirement as "the Mandate." The plaintiffs contend that any participation by them in the implementation of this required coverage imposes a substantial burden on the exercise of their religious beliefs and violates their rights under the First Amendment of the Constitution of the United States and under the Religious Freedom Restoration Act (RFRA)[3].

Under the regulations extant when this case was filed, an organization such as Family Talk could obtain an exemption from the Mandate. The criteria necessary to obtain an exception are detailed in my **Order Granting Motion for Preliminary Injunction** [#37]. Under those regulations, once an exemption form was completed, executed, and delivered, the organization eligible for an exemption was not obligated to comply with the Mandate and was not obligated to administer or pay for the coverages

---

[3] 42 U.S.C. §§ 2000bb through 2000bb-4.

required by the Mandate. This exemption procedure often is referred to as "the accommodation."

According to the plaintiffs, the regulations extant when this case was filed gave them an impossible choice: (1) it could violate its religious beliefs and provide the health insurance coverage required by the Mandate; (2) it could stop providing health insurance coverage for its employees, and face prodigious penalties; (3) it could continue to provide health insurance coverage without the coverages required by the Mandate, and face prodigious penalties; or (4) it could violate its religious beliefs and complete, execute, and deliver the exemption form.

In the view of the plaintiffs, the fourth option, the exemption form, triggers a process which facilitates and enables the provision of the religiously objectionable insurance coverages required by the Mandate. Taking an action which initiates such a process, the plaintiffs contend, violates their religious beliefs. Notably, failure to provide the coverages required by the Mandate, failure to execute the Exemption Form, and cancellation of the health insurance plan of Family Talk to avoid the Mandate subjects Family Talk to substantial, if not ruinous, financial penalties. ***See Roman Catholic Archdiocese of Atlanta v. Sebelius***, 2014 WL 1256373, *4 (N.D. Ga. Mar. 26, 2014).

On April 17, 2014, I entered an **Order Granting Motion for Preliminary Injunction** [#37]. In that order, I enjoined and restrained the defendants

> from any application or enforcement against the plaintiffs of any provision of 42 U.S.C. § 300gg-13(a)(4) and any regulations implementing that statutory provision to the extent the statute and the implementing regulations require the plaintiffs to include in the group health plan for employees of Family Talk coverage for drugs, devices, or procedures that may destroy a human embryo or fertilized egg of a mother either before or after the implantation of a fertilized egg in the uterus of its mother, as well as any related counseling or education.

*Order* [#37], p. 21.  In addition, I enjoined the defendants from imposing a penalty on the plaintiffs, or either of them, based on the failure of the plaintiffs to comply with the statute or related regulations in relation to the Family Talk health plan and the coverage provisions specified above.  *Id*.

The defendants filed an appeal of my order imposing a preliminary injunction. The United States Court of Appeals for the Tenth Circuit placed the appeal in abeyance pending resolution of related cases.  The defendants later dismissed their appeal.

In their brief [#56] in support of their present motion, the plaintiffts summarize the litigation history of the issue raised in this case and in many other cases across the country.  The Supreme Court of the United States granted certiorari in several cases in which plaintiffs raised the same issues raised by the plaintiffs in the present case. ***Zubik v. Burwell***, ___ U.S. ___, 136 S.Ct. 1557 (2016).  ***Zubik*** involved ten rulings by various district courts.  The courts of appeal for the Third, Fifth, Tenth, and District of Columbia Circuits each had addressed the rulings of the district courts in their circuits. In each of those cases, the Supreme Court granted certiorari.

In ***Zubik***, the Supreme Court summarized the key issue as follows:

> Petitioners are primarily nonprofit organizations that provide health insurance to their employees. Federal regulations require petitioners to cover certain contraceptives as part of their health plans, unless petitioners submit a form either to their insurer or to the Federal Government, stating that they object on religious grounds to providing contraceptive coverage.  Petitioners allege that submitting this notice substantially burdens the exercise of their religion, in violation of the Religious Freedom Restoration Act of 1993, 107 Stat. 1488, 42 U.S.C. § 2000bb et seq.

***Id***. at ___, 136 S.Ct. at 1559.

The Court heard oral argument and then requested supplemental briefing from the parties.  The Court asked the parties to address "whether contraceptive  coverage

4

could be provided to petitioners' employees, through petitioners' insurance companies, without any such notice from petitioners." *Id*. at \_\_\_, 136 S.Ct. at 1559 - 1560. The petitioners and the government confirmed that such an option is feasible. *Id*. at \_\_\_, 136 S.Ct. at 1560.

> Petitioners have clarified that their religious exercise is not infringed where they need to do nothing more than contract for a plan that does not include coverage for some or all forms of contraception, even if their employees receive cost-free contraceptive coverage from the same insurance company. The Government has confirmed that the challenged procedures for employers with insured plans could be modified to operate in the manner posited in the Court's order while still ensuring that the affected women receive contraceptive coverage seamlessly, together with the rest of their health coverage.

*Id*. (internal quotations and citations omitted).

In light of the positions taken by the parties in the supplemental briefing, the Court vacated the judgments of the circuit courts of appeal and remanded to cases to the courts of appeal for further proceedings.

> Given the gravity of the dispute and the substantial clarification and refinement in the positions of the parties, the parties on remand should be afforded an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring that women covered by petitioners' health plans receive full and equal health coverage, including contraceptive coverage.

*Id*. (internal quotation and citation omitted).

On October 6, 2017, the departments of Health and Human Services, Labor, and Treasury (the Departments) announced new Interim Final Rules (IFR) concerning accommodation of religious exemptions under the ACA. ***Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act***, 82 Fed. Reg. 47,792 - 47,835. In the IFR, the Departments stated:

5

> We have concluded that requiring certain objecting entities or individuals to choose between the Mandate, the accommodation, or penalties for noncompliance imposes a substantial burden on religious exercise under RFRA.

***Id***. at 47,800. The IFR provides expanded exemptions to organizations such as Family Talk. ***Id***. The expanded exemptions are designed to avoid violation of the requirements of RFRA, resolve pending litigation, and prevent future litigation. ***Id***. at 47,499. The expanded exemptions are now codified at 45 C.F.R. § 147.132, which became effective on January 14, 2019. When the IFR was issued, the defendants moved to dismiss their appeal in this case. The Tenth Circuit dismissed the appeal.

## III. ANALYSIS

A party may obtain a permanent injunction if it proves: (a) actual success on the merits; (b) irreparable harm unless the injunction is issued; (c) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (d) the injunction, if issued, will not adversely affect the public interest. ***Fisher v. Okla. Health Care Auth.***, 335 F.3d 1175, 1180 (10th Cir.2003); ***See also Prairie Band Potawatomi Nation v. Wagnon***, 476 F.3d 818, 822 (10th Cir. 2007).

Even though the applicable regulations changed to address objections like those of the plaintiffs, the plaintiffs contend they are entitled to a permanent injunction preventing the defendants from enforcing the Mandate and the accommodation requirements of the statutes and regulations in effect when this case was filed. This is true, the plaintiffs contend, because multiple lawsuits have been filed seeking to block the expanded religious employer exemption in the IFR. Two courts have preliminarily enjoined the IFR. ***Pennsylvania v. Trump***, 281 F.Supp.3d 553, 585 (E.D.Pa. 2017); ***California v. Health and Human Services***, 281 F.Supp.3d 806, 832 (N.D.Cal. 2017),

affirmed in part, vacated in part, & remanded, *California v. Azar*, 911 F.3d 558 (9th Cir. 2018). The California court ordered the parties to proceed under the prior regime pending resolution of the merits. *California v. Health and Human Services*, 281 F.Supp.3d at 832.

Given these circumstances, the plaintiffs seek injunctive relief in two forms. First, the plaintiffs seek a permanent injunction prohibiting enforcement of the Mandate by the defendants against the plaintiffs. Second, they seek a permanent injunction prohibiting the defendants from assessing penalties against the plaintiffs for their refusal to comply with the Mandate. In addition, the plaintiffs seek declaratory relief to protect them from "other consequences for having refused to comply with the mandate . . . such as private actions brought by beneficiaries." *Brief* [#56], p. 19.

The defendants concede "that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA." *Response* [#58], p. 2. In essence, the defendants concede the validity of the RFRA claim of the plaintiffs. The defendants take no position on whether permanent injunctive relief is appropriate in this case. *Id.*

Given the uncertainty presented by the legal challenges to the IFR, I find and conclude that a permanent injunction is proper. A permanent injunction is proper to prohibit enforcement of the Mandate by the defendants against the plaintiffs and to prohibit the defendants from assessing penalties against the plaintiffs for their refusal to comply with the Mandate. On these issues, the plaintiffs have been successful on the merits of their claim under RFRA. The plaintiffs face potential irreparable harm in the form of violation of their rights under RFRA unless an injunction is issued.

The threatened injury to the plaintiffs outweighs the harm the injunction may

cause the opposing parties. Relevantly, the defendants have not identified or cited any such harm.

Finally, an injunction requiring compliance with the requirements of RFRA will not adversely affect the public interest.

The plaintiffs seek also a declaration that the plaintiffs act legally when they exclude abortifacients from the group health plan of Family Talk. *Reply* [#59], p. 5. The plaintiffs say they need such a declaration because they face a risk that persons other than the defendants may bring a private suit against the plaintiffs to enforce the Mandate. *Reply* [#59], pp. 3 - 5. Such lawsuits have been brought against other entities similar to Family Talk. The defendants object to this request for relief, contending it is unnecessary and overly broad.

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, the court may enter a judgment declaring "the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. The judgment and injunction that will result from this order are based on the RFRA claim of the plaintiffs. In this context, it is proper for the court to declare that the rights of the plaintiffs under RFRA are violated by enforcement of the Mandate against the plaintiffs in a manner that (1) requires the plaintiffs to include coverage of abortifacients in the group health plan for Family Talk employees; (2) requires the plaintiffs to execute and deliver the EBSA Form 700 - Certification in order for the plaintiffs to obtain an exemption; or (3) imposes a penalty on the plaintiffs due to their failure to include coverage of abortifacients in its group health plan or to execute and deliver the EBSA Form 700 - Certification.

The plaintiffs seek entry of a permanent injunction, an award of costs, and an award of attorney fees. These requests imply that the plaintiffs seek entry of judgment

in their favor on their RFRA claim. But the plaintiffs do not state that they wish to dismiss the six additional claims alleged in their complaint [#1]. Given the pendency of these additional claims, I should not and will not enter judgment at this time. Instead, I will direct the plaintiffs to file a status report stating how they wish to proceed on their second through seventh claims for relief.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion To Reopen Proceedings and for Permanent Injunction and Declaratory Relief** [#55] is granted in part on the terms stated in this order;

2. That effective forthwith, each of the defendants is permanently enjoined and restrained from any application or enforcement against the plaintiffs of any provision of 42 U.S.C. § 300gg-13(a)(4) and any related regulations implementing that provision to the extent the statute and the implementing regulations require the plaintiffs to include in the group health plan for employees of Family Talk coverage for drugs, devices, or procedures that may destroy a human embryo or fertilized egg of a mother either before or after the implantation of a fertilized egg in the uterus of its mother, as well as any related counseling or education;

3. That effective forthwith, each of the defendants is permanently enjoined and restrained from any application or enforcement against the plaintiffs of any provision of 42 U.S.C. § 300gg-13(a)(4) and any related regulations implementing that provision to the extent the statute and the implementing regulations require the plaintiffs to execute and deliver the EBSA Form 700 - Certification in order for the plaintiffs to obtain an exemption from the requirement that the plaintiffs include in the group health plan for

employees of Family Talk coverage for drugs, devices, or procedures that may destroy a human embryo or fertilized egg of a mother either before or after the implantation of a fertilized egg in the uterus of its mother, as well as any related counseling or education;

    4.  That effective forthwith, each of the defendants is permanently enjoined and restrained from any application or enforcement against the plaintiffs of any provision of 42 U.S.C. § 300gg-13(a)(4) and any related regulations implementing that provision to the extent the statute and the implementing regulations impose a penalty on the plaintiffs, or either of them, based on the failure of the plaintiffs (a) to execute and deliver the EBSA Form 700 - Certification, as provided by law; or (b) to include in the group health plan for Family Talk employees coverage for drugs, devices, or procedures that may destroy a human embryo or fertilized egg of a mother either before or after the implantation of a fertilized egg in the uterus of its mother, as well as any related counseling or education;

    5.  That under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, the court declares that the rights of the plaintiffs under RFRA are violated by enforcement of 42 U.S.C. § 300gg-13(a)(4) and any related regulations implementing that statutory provision in a manner that (1) requires the plaintiffs to include coverage of abortifacients in the group health plan for Family Talk employees; (2) requires the plaintiffs to execute and deliver the EBSA Form 700 - Certification in order for the plaintiffs to obtain an exemption; or (3) imposes a penalty on the plaintiffs due to their failure to include coverage of abortifacients in the group health plan for Family Talk employees or to execute and deliver the EBSA Form 700 - Certification;

    6.  That when final judgment enters in this case, the judgment shall include the terms of the permanent injunction specified in paragraphs three (3), four (4), and five

(5), above, and the declaration in paragraph six (6), above;

    7.  That any requests for additional injunctive or declaratory relief are denied;

    8.  That on or before April 26, 2019, the plaintiffs shall file a status report stating if they wish to proceed with their second through seventh claims for relief, as alleged in the complaint [31];  and

    9.  That absent the entry of final judgment, the requests of the plaintiffs for awards of costs and attorney fees are denied without prejudice.

Dated March 26, 2019, at Denver, Colorado.

          **BY THE COURT:**

*(signed)* Bob Blackburn

Robert E. Blackburn
United States District Judge